

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

EUGENE M. BRAGANZA,                  )
                                     )
            Plaintiff,               )
                                     )
v.                                   )   Civil Action No. 1:13-cv-848
                                     )
PATRICK R. DONAHOE,                  )
Postmaster General,                  )
                                     )
and                                  )
                                     )
NATIONAL RURAL LETTER                )
CARRIERS' ASSOCIATION,               )
                                     )
            Defendants.              )

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Patrick Donahoe's ("Donahoe") Motion for Summary Judgment and Defendant National Rural Letter Carriers' Association's ("NRLCA") Motion for Summary Judgment.

Plaintiff Eugene M. Braganza ("Braganza" or "Plaintiff") is a former Rural Letter Carrier who worked for the Postal Service between December 10, 1994 and March 10, 2012. On December 21, 2011, Braganza requested two and a half weeks of annual leave from December 29, 2011 through January 22, 2012. Braganza was scheduled to return to work on January 24, 2012. Braganza failed to return to the United States and report to duty as scheduled on January 24, 2012. Braganza asked a friend to send an email to

his union steward to inform him that he was ill and would not
return to work until further notice.

After Braganza failed to report to work for more than three
consecutive days, Braganza's supervisor sent a letter to
Braganza informing him that he was absent without leave until
acceptable documentation was provided and instructed Braganza to
report to work by January 30, 2012. Braganza failed to report to
work on January 30, 2012. On January 31, 2012, Braganza's
supervisor sent him a second letter ordering him to report to
work on February 3, 2012 for a pre-disciplinary interview.
Braganza failed to report to work on February 3, 2012 and missed
his pre-disciplinary interview. On February 28, 2012, the Vienna
Post Office received a letter from Braganza stating that he
planned to return to work on February 22nd. Braganza returned to
work on February 22, 2012.

Braganza's supervisor decided to discipline him for failing
to report to work on time. The Postal Service judged the email
to the union steward to be insufficient to support Braganza's
absence and designated his time as absent without leave
("AWOL"). Braganza's supervisor issued a notice of removal on
February 11, 2012, and the removal went into effect on March 10,
2012.

The NRCLA filed a grievance on behalf of Braganza
concerning his dismissal, following the dispute resolution

process outlined in the National Agreement between the NRCLA and the Postal Service regarding wages, hours, and conditions of employment. On November 5, 2012, the Union informed Braganza that his grievance had been denied at Step 3 and that the Union would be making a decision as to whether to take his case to arbitration. On March 13, 2013, after determining that Plaintiff's cause did not yield a likelihood of success at arbitration, the NRLCA withdrew their arbitration request.

On July 11, 2014, Braganza filed a complaint in the United States District Court for the Eastern District of Virginia against Defendants NRLCA and the United States Postal Service. He filed an amended complaint on October 17, 2013. Braganza's Amended Complaint alleges that the United States Postal Service interfered with his rights under the Family Medical Leave Act ("FMLA") and disciplined him in retaliation for asking for FMLA leave. Further, Braganza's Complaint alleges that the NRLCA breached its duty to provide fair representation to him and that the Postal Service lacked just cause to remove him from his rural carrier position. On July 24, 2014, the parties filed a Joint Stipulation to Dismiss Count II of Plaintiff's Amended Complaint for Breach of the Collective Bargaining Agreement by USPS and Breach of the Duty of Fair Representation by NRLCA pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

The Court will grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court construes all reasonable inferences in favor of the non-moving party when determining whether there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The mere existence of some disputed facts does not merit a trial unless the disputed facts are material to an issue necessary for proper resolution of the case and the quality and quantity of the evidence offered to support a question of fact are adequate to support a jury verdict. Thompson Everett, Inc. v. Nat'l Cable Adver., L.P., 57 F.3d 1317, 1323 (4th Cir. 1995).

In order to survive summary judgment on his Family and Medical Leave Act ("FMLA") interference claim, Braganza must prove: (1) he was an eligible employee; (2) the Postal Service was covered by the statute; (3) he was entitled to leave under the FMLA; (4) he gave his employer adequate notice of his intention to take leave; and (5) the Postal Service denied FMLA

benefits to which he was entitled. Ainsworth v. Loudoun Cty. Sch. Bd., 851 F. Supp. 2d 963, 975 (E.D. Va. 2012).

Braganza cannot establish that he qualified for FMLA leave; therefore, the Postal Service could not have interfered with the exercise of his FMLA rights. Rhoads v. FDIC, 257 F.3d 373 (4th Cir. 2001), citing Diaz v. Fort Wayne Foundry Corp., 131 F.3d 711, 713 (7th Cir. 1997) (holding that FMLA interference suits are to be resolved "by asking whether the plaintiff has established, by a preponderance of the evidence, that he is entitled to the benefits he claims"). First, Braganza cannot establish that he properly notified the Postal Service of his absence as required by the FMLA. Even when qualifying circumstances exist, employees cannot invoke rights under the FMLA if they fail to provide adequate notice of their need for leave, 29 U.S.C. § 2612(e), but must "provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave." 29 C.F.R. § 825.302(c); Rhoads v. FDIC, 257 F.3d 373, 383 (4th Cir. 2001). Employers are "entitled to the sort of notice that will inform them . . . when a given employee will return to work." Collins v. NTN-Bower Corp., 272 F.3d 1006, 1008 (7th Cir. 2001). The same notice requirement applies when the need for leave is unforeseeable. See 29 C.F.R. § 825.303(a); see also Collins v. NTN-Bower Corp., 272 F.3d

1006, 1008 (7th Cir. 2001). According to the Postal Service's written policy, employees are required to obtain approval for leave from their supervisors.

Braganza's notice failed to meet both the FMLA's standard and the Postal Service's Policy. On January 23, 2012, the union steward received an email stating "Eugene Braganza has requested me to inform you that due to an illness he is unable to report to work until further notice. Kindly inform the Vienna post office on his behalf. He intends to send a letter to his office but has asked you do the same." This email was signed by a third-party. The union steward forwarded this email to Braganza's supervisor. This email does not constitute adequate notice because it was written by a third-party, simply states that Braganza was "unable to work", and fails to indicate an anticipated date of return. Braganza was fired for failing to report for duty as scheduled without explanation or appropriate notification. Braganza has failed to establish that he properly notified the Postal Service of his absence as required under the FMLA.

Further, Braganza cannot establish that he suffered from a serious health condition as defined by the FMLA. Braganza claims he suffered from acute bronchitis, with symptoms to include sore throat, loss of appetite, cough, chills, sweat, and nondescript pain. Braganza alleges that his condition constituted a "serious

health condition" under the FMLA. The FMLA regulations define a

"serious health condition" as an illness, injury, impairment, or

physical or mental condition that involves either (1) "inpatient

care" via an overnight stay in a hospital, hospice, or

residential medical care facility, or (2) "continuing treatment"

by a health care provider. 27 U.S.C. § 2611; 29 C.F.R. §§

825.113(a); 825.114. Braganza failed to present sufficient

medical documentation to establish that he suffered from a

serious health condition under the FMLA. Braganza claims that

his childhood physician diagnosed him with "acute bronchitis" in

her home in India and advised him to rest until he was well.

Braganza was not hospitalized or treated in any inpatient

facility for his bronchitis. Braganza testified that his health

was much better on February 6, 2012; however, he did not return

to work until February 22, 2012. There is no evidence in the

record that would allow a reasonable jury to find that

Braganza's bronchitis or the symptoms to which he testified

could constitute a serious health condition within the meaning

of the FMLA. Braganza cannot establish that he was eligible for

FMLA benefits or entitled to additional leave during his

extended vacation from January 24, 2012 to February 22, 2012.

Thus, Braganza cannot prevail on his claims of FMLA interference

or retaliation because there was no right with which the Postal

Service could have interfered or animus with which to retaliate.

For the aforementioned reasons, Defendant Donahoe is entitled to summary judgment against Plaintiff Braganza. An appropriate order shall issue.

_____/s/_____
Claude M. Hilton
United States District Judge

Alexandria, Virginia
July _29_ , 2014